UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Donikki Hardy,   #97411-071, *a/k/a Don Hardy* <br> Petitioner, <br><br> vs. <br><br> Warden, Lee United States Penitentiary; <br> State of South Carolina; <br> Attorney General of the State of South Carolina, <br><br> Respondents. <br> _____ | C/A No. 6:06-1796-HMH-WMC <br><br><br><br> **Report and Recommendation** |

The petitioner, Donikki Hardy, ("Petitioner"), proceeding *pro se*, brings this petition pursuant to 28 U.S.C. § 2254. Petitioner is challenging a state court sentence imposed upon him in Spartanburg, South Carolina. Petitioner states that he has completed the state court sentence that he seeks to have declared constitutionally invalid. The petition should be dismissed, as Petitioner is not "in custody" for purposes of 28 U.S.C. § 2254.

### *Pro Se* Review

Under established local procedure in this judicial district, a careful review has been made of the pro se Complaint in light of the following precedents: *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995) (*en banc*), *cert. denied*, 516 U.S. 1177 (1996); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983). This Court is required to liberally construe *pro se* documents, *Estelle v. Gamble*, 429 U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 9 (1980) (*per curiam*). Even under this less stringent standard, however, the *pro se* complaint is subject to summary dismissal. The mandated liberal

construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985), *cert. denied*, 475 U.S. 1088 (1986). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, (4th Cir. 1990).

## Background

Petitioner is an inmate at Lee U.S. Penitentiary. He is serving a 480-month federal sentence for Possession of Crack with Intent to Distribute.

Petitioner pled guilty to a charge of drug possession in the Seventh Judicial Circuit, Spartanburg, in 1993, leading to a fifteen-year sentence. He has completed that sentence, and is now incarcerated in a federal penitentiary pursuant to a federal sentence that was enhanced by the 1993 state conviction. Petitioner alleges he challenged the state sentence through state post-conviction relief and appellate procedures, which exhausted his remedies. Petitioner challenges this conviction on three grounds: 1) that the trial judge did not advise petitioner of the elements of the offense for which he was pleading guilty,

2

2) that he was denied effective assistance of counsel, and 3) that he was not notified of the right to appeal.

**Discussion**

The petition for a writ of habeas corpus under 28 U.S.C. § 2254 in the above-captioned case should be dismissed because the court lacks jurisdiction. Federal courts lack jurisdiction to consider a habeas petition challenging a sentence which has fully expired at the time the petition is filed. *See Maleng v. Cook*, 490 U.S. 488 (1989). For a federal court to have jurisdiction to grant a petition for a writ of habeas corpus under § 2254, a petitioner must be "in custody pursuant to the judgment of a State court." 28 U.S.C. § 2254(a); see also 28 U.S.C. § 2241(c)(3) ("The writ of habeas corpus shall not extend to a prisoner unless...[h]e is in custody in violation of the Constitution or laws or treaties of the United States"). In *Maleng*, the Supreme Court held that a habeas corpus petitioner is not "in custody" as to a challenged conviction when the sentence imposed for that conviction has fully expired at the time of filing the habeas petition. *Id*. at 490-91. The petitioner's 15 year sentence from the 1993 conviction expired prior to the petitioner filing this § 2254 habeas petition. Therefore the petitioner is no longer "in custody" under the 1993 conviction that he seeks to challenge. This court lacks jurisdiction to consider the petitioner's § 2254 habeas petition.

A memorandum attached to the petition states that the 1993 conviction was used to enhance the petitioner's current 480 month sentence. The petitioner may argue that he is "in custody" under the 1993 conviction because it was used to enhance the sentence he

3

is currently serving. The *Maleng* court also addressed this issue, holding that a habeas petitioner does not "remain 'in custody' under a conviction after the sentence imposed for it has fully expired merely because" that conviction had been used to enhance a subsequent sentence. *Id*. at 492. The Supreme Court has upheld the *Maleng* holding and recognized that a habeas petitioner who is no longer serving the sentence imposed pursuant to the conviction under attack cannot bring a federal habeas petition directed solely at that conviction. *See Lackawanna County District Attorney v. Coss*, 532 U.S. 394, 403, 121 S.Ct. 1567, 1573 (2001).

The Supreme Court in *Lackawanna* held that federal post conviction relief is not available to state prisoners through a petition for a writ of habeas corpus under 28 U.S.C. § 2254 "when a prisoner challenges a current sentence on the ground that it was enhanced based on an allegedly unconstitutional prior conviction for which the petitioner is no longer in custody." *Id*. at 396, 121 S.Ct. at 1570; See also *Daniels v. United States*, 532 U.S. 374, 121 S.Ct. 1578 (2001); *Custis v. United States*, 511 U.S. 485, 114 S.Ct. 1732 (1994). The § 2254 petition sub judice is not drafted in such a way as to attack the petitioner's current sentence. But if the petition could be construed to attack the petitioner's current sentence because the sentence was enhanced by an allegedly unconstitutional prior conviction, it could not prevail under the holding in *Lackawanna*.

## **RECOMMENDATION**

Accordingly, it is recommended that the petition for a writ of habeas corpus in the above-captioned case be dismissed *without prejudice* and without issuance and service

of process upon the respondents. *See Allen v. Perini*, 424 F.2d 134, 141 (6th Cir.)(federal district courts have duty to screen habeas corpus petitions and eliminate burden placed on respondents caused by ordering an unnecessary answer or return), *cert. denied*, 400 U.S. 906 (1970); and *Toney v Gammon*, 79 F3d. 693, 697 (8th Cir. 1996)(a petition may be summarily dismissed if the record clearly indicates that the petitioner's claims are either barred from review or without merit).

                                              Respectfully submitted,

                                              *s/*William M. Catoe
                                              United States Magistrate Judge

September 22, 2006

Greenville, South Carolina

***The petitioner's attention is directed to the important notice on the following page.***

## Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation"
## &
## The *Serious Consequences* of a Failure to Do So

The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within **ten (10) days** of the date of service. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. *See* Mathews v. Weber, 423 U.S. 261, 270-271 (1976); and Estrada v. Witkowski, 816 F. Supp. 408, 410 (D.S.C. 1993).

During the period for filing objections, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. **Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections.** *See* Keeler v. Pea, 782 F. Supp. 42, 43-44 (D.S.C. 1992); and Oliverson v. West Valley City, 875 F. Supp. 1465, 1467 (D.Utah 1995). Failure to file specific, written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. *See* United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), *cert. denied*, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. Howard v. Secretary of HHS, 932 F.2d 505, 508-509 (6th Cir. 1991). *See also* Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985). In Howard, supra, the Court stated that general, non-specific objections are *not* sufficient:

> **A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.**

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> **Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.**

*See also* Branch v. Martin, 886 F.2d 1043, 1046 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 7 n. 1 (3rd Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review"). **This notice, hereby, apprises the parties of the consequences of a failure to file specific, written objections.** *See* Wright v. Collins, supra; and Small v. Secretary of HHS, 892 F.2d 15, 16 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

**Larry W. Propes, Clerk**
**United States District Court**
**P. O. Box 10768**
**Greenville, South Carolina 29603**