IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Donikki Hardy, #97411-071, )<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>Warden, Lee United States Penitentiary; )<br>State of South Carolina; Attorney )<br>General of the State of South Carolina, )<br>)<br>Respondents. ) | C.A. No. 6:06-1796-HMH-WMC<br><br>**OPINION & ORDER** |

This matter is before the court with the Report and Recommendation of United States Magistrate Judge William M. Catoe, made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 of the District of South Carolina.[1] Donikki Hardy ("Hardy"), proceeding pro se, filed a complaint pursuant to 28 U.S.C. § 2254. Magistrate Judge Catoe recommends dismissing Hardy's complaint without prejudice and without issuance and service of process. Hardy filed objections to the Report and Recommendation. For the reasons below, the court declines to adopt the Magistrate Judge's Report and Recommendation and remands the case to the Magistrate Judge.

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1) (West Supp. 2006).

1

## I. FACTUAL AND PROCEDURAL BACKGROUND

In 2002, Hardy was convicted in federal court of possession of crack with intent to distribute and sentenced to 480 months' imprisonment. Hardy is currently serving his sentence at the Lee United States Penitentiary. In 1993, Hardy pled guilty to a charge of drug possession in the Seventh Judicial Circuit, Court of General Sessions, Spartanburg, South Carolina, which led to the imposition of a fifteen-year sentence ("state conviction"). Hardy filed the current action challenging his state conviction on June 10, 2006.[2] Because Hardy stated in his complaint that he had completed the state court sentence, the Magistrate Judge recommends dismissing Hardy's § 2254 action because he is not "in custody pursuant to the judgment of a State court." 28 U.S.C. § 2254(a) (1994); (Report and Recommendation 3.)

## II. DISCUSSION OF THE LAW

Objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). In the absence of specific objections to the Report and Recommendation of the Magistrate Judge, this court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

Hardy filed objections to the Report and Recommendation. In his objections, Hardy asserts that he erroneously stated that he had fully served his state sentence. In support of this assertion, Hardy submitted a copy of a detainer filed by the South Carolina Department of Corrections with the Lee United States Penitentiary. The detainer apparently was filed

---

[2] Houston v. Lack, 487 U.S. 266 (1988).

2

because of Hardy's state conviction and a parole violation following the state conviction. By its terms, the detainer expired on September 1, 2006, which was after Hardy filed the instant § 2254 action. See Carafas v. Lavallee, 391 U.S. 234, 238 (1968) ("The federal habeas corpus statute requires that the applicant must be 'in custody' when the application for habeas corpus is filed."). Therefore, because the Magistrate Judge's Report and Recommendation was based on the erroneous information provided by Hardy that his state sentence had been completed, the court declines to adopt the Report and Recommendation and remands the case to the Magistrate Judge for further proceedings.

Therefore, it is

**ORDERED** that the case is remanded to Magistrate Judge Catoe for further proceedings.

**IT IS SO ORDERED**.

> s/Henry M. Herlong, Jr.
> United States District Judge

Greenville, South Carolina
October 19, 2006