IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

Donikki Hardy, #97411-071,         )
                                      )
             Petitioner,       )     C.A. No. 6:06-1796-HMH-WMC
                                        )
         vs.              )     **OPINION & ORDER**
                                        )
Warden, Lee United States Penitentiary; )
State of South Carolina; Attorney       )
General of the State of South Carolina,  )
                                        )
         Respondents.    )

      This matter is before the court with the Report and Recommendation of United States Magistrate Judge William M. Catoe made in accordance with 28 U.S.C. § 636(b) and Local Rule 73.02 of the District of South Carolina.[1]  Donikki Hardy ("Hardy") is a pro se federal prisoner seeking habeas corpus relief pursuant to 28 U.S.C. § 2254 (2006).  Magistrate Judge Catoe recommends dismissing Hardy's habeas corpus petition and granting the Respondents' motion for summary judgment.  Hardy filed objections to the Report and Recommendation. After review, the court adopts the Magistrate Judge's Report and dismisses Hardy's petition as time-barred.

---

     [1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court.  See Mathews v. Weber, 423 U.S. 261, 270 (1976).  The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made.  The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter with instructions.  28 U.S.C. § 636(b)(1) (2006).

1

## I. FACTUAL AND PROCEDURAL BACKGROUND

Hardy is currently incarcerated at Lee United States Penitentiary.  On November 26, 2002, Hardy was convicted in federal court of possession of crack with intent to distribute and sentenced to 480 months' imprisonment ("federal conviction").  On April 14, 1993, Hardy pled guilty to a charge of drug possession in the Seventh Judicial Circuit, Court of General Sessions in Spartanburg, South Carolina, which led to the imposition of a fifteen-year sentence ("state conviction").  (PCR Appendix 21-23.)  Hardy did not appeal his conviction or sentence.

On August 25, 1993, Hardy filed an application for post-conviction relief ("PCR") in the Court of Common Pleas for Spartanburg County.  (Resp'ts' Mot. Summ. J. Ex. A (1993 PCR Application).)   The Honorable Gary E. Clary denied relief and dismissed Hardy's PCR application on June 24, 1994.  (Id. Ex. C (1994 Order of Dismissal 7).)  Hardy did not appeal the denial of relief.  On November 26, 2002, Hardy filed a second PCR application in the Court of Common Pleas for Spartanburg County.  (Id. Ex. D (2002 PCR App. 25-32).)  On June 22, 2004, the Honorable Roger L. Couch dismissed Hardy's second PCR application as successive and untimely.  (Id. Ex. D (2002 PCR App. 45-47.)  Hardy appealed the dismissal of his second PCR application, and the Supreme Court of South Carolina denied his petition for writ of certiorari on April 19, 2006.  (Id. Ex. F (April 19, 2006, Order 1).)

On September 23, 2004, Hardy filed a third PCR application in the Court of Common Pleas for Spartanburg County.  (Resp'ts' Mot. Summ. J. Ex. H (2004 PCR Application).)  The Honorable Roger L. Couch denied the application as successive and untimely on February 3, 2006.  (Id. Ex. J (Feb. 3, 2006, Order 6).)  Hardy appealed the denial of his third

PCR application, and on March 23, 2006, the Supreme Court of South Carolina dismissed the appeal upon "failure of appellant's counsel to provide written explanation as to why lower court determination was improper." (Id. Ex. K (March 23, 2006, Order 1).) On June 10, 2006, Hardy filed the instant petition pursuant to § 2254.[2]

### III. DISCUSSION OF THE LAW

The Magistrate Judge recommends granting the Respondents' motion for summary judgment because Hardy's claim is barred by the one-year statute of limitations in the Anti-Terrorism and Effective Death Penalty Act ("AEDPA").

Objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). In the absence of specific objections to the Report and Recommendation of the Magistrate Judge, this court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

Hardy filed objections to the Report and Recommendation. After review, however, the court finds that the majority of Hardy's objections are non-specific, unrelated to the dispositive portions of the Magistrate Judge's Report and Recommendation, and merely restate his claims. However, the court was able to glean one specific objection.

---

[2]Houston v. Lack, 487 U.S. 266 (1988).

3

The AEDPA provides a one-year statute of limitations in which to file a federal habeas corpus petition. See 28 U.S.C. § 2244(d) (2006). Hardy's conviction became final before the AEDPA's effective date of April 24, 1996. Therefore, his time for filing a § 2254 habeas petition expired on April 24, 1997. See Rouse v. Lee, 339 F.3d 238, 243 (4th Cir. 2003) ("For prisoners . . . whose convictions became final before the AEDPA was enacted, the one-year limitations period began to run on the AEDPA's effective date, and thus, they had until April 24, 1997, absent tolling, to file their federal habeas petitions.").

Despite clearly filing after this deadline, Hardy asserts that "[t]he fact that the unconstitutional conviction is being used for the purpose of enhancing the petitioner's federal sentence should allow said conviction to be challenged." (Objections 1.) The court will construe Hardy's argument as an argument in favor of equitable tolling. "Equitable tolling is appropriate when, but only when, extraordinary circumstances beyond the petitioner's control prevented him from complying with the statutory time limit." Id. at 246 (internal quotation marks omitted).

The fact that Hardy's state court conviction was used to enhance the sentence for his federal conviction does not give rise to equitable tolling. Nothing prevented Hardy from filing his § 2254 petition within the time limits of the AEDPA. In addition, "even in the case of an unrepresented prisoner, ignorance of the law is not a basis for equitable tolling." United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004). Thus, Hardy's ignorance that the state conviction could be used in the future to enhance a federal sentence presents no grounds for equitable tolling to apply. Therefore, Hardy's petition is time-barred. Based on the foregoing, the court adopts Magistrate Judge Catoe's Report and Recommendation.

4

Therefore, it is

**ORDERED** that the Respondents' motion for summary judgment, docket number 16,

is granted and Hardy's § 2254 petition is denied.

**IT IS SO ORDERED**.


s/Henry M. Herlong, Jr.
United States District Judge

Greenville, South Carolina
May 2, 2007

## NOTICE OF RIGHT TO APPEAL

The Petitioner is hereby notified that he has the right to appeal this order within sixty

(60) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate

Procedure.